IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

    Petitioner,                                  No. CIV S-07-0730 RRB DAD P

    vs.

JAMES A. TILTON[1], et al.,                  ORDER AND

    Respondents.                          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is an inmate at the Monroe Detention Center in Woodland, California.[2] He is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not paid the filing fee or filed an application requesting leave to proceed in forma

---

[1] Petitioner has not named a proper respondent. Rather, he has named James Tilton, identified as the Director of the California Department of Corrections and Rehabilitation, as the respondent in this action. Yet, petitioner is in the custody of the Yolo County Sheriff's Department. Petitioner also does not appear to allege that he has exhausted his state court remedies with respect to his claims and it appears unlikely, given the dates reflected in the petition, that he has done so.

[2] Petitioner indicates that he was arrested on December 11, 2006 by City of Woodland police officers. Although not entirely clear, at the time he filed the pending petition petitioner apparently had not yet been convicted of, or sentenced on, any criminal charges in state court. See Petition at 2 and 11. In his form petition, petitioner provides December 11, 2006 as the "Date convicted or committed," and for "Date sentenced" and "Length of sentence," petitioner has written, "pending." (Petition at 2.)

pauperis. In light of the court's findings and recommendations, the court will not order petitioner to submit the filing fee or in forma pauperis application.

Petitioner's fifty-page petition, filed on April 17, 2007, is not a model pleading. The document is titled, "Petition 'Appealing' Supreme Court Denial, 'New Evidence' Submitted for Consideration And Review." Petitioner's prayer for relief requests reversal of two disciplinary violation convictions issued by the Yolo County Sheriff's Department. (Petition at 5 and Ex. B at 2-3[3].) Petitioner also seeks restoration of visitation, canteen privileges, yard exercise, release back to "mainline," expungement of the rule violations reports, and release from Sheriff's Department custody. (Petition at 5.) Petitioner's privileges in this regard were apparently suspended as a result of the rule violation charges which are attached as an exhibit to the petition. Based upon the relief petitioner seeks, the court construes this habeas action as challenging the two rule violation convictions entered by jail officials on March 23, 2007 and April 12, 2007. (Petition, Ex. B, Rules Violation Report at 2-3.)

Some of petitioner's claims as well as a civil rights complaint he filed on December 7, 2007, bearing the case number assigned to this habeas action, clearly appear to concern the conditions of his confinement at the Yolo County Jail. To the extent that petitioner seeks relief for the conditions of his confinement relating to his medical care, contaminated food, retaliation, safety concerns, mail, and conspiracy, such claims cannot be presented in this habeas action but may be brought in a separate civil rights action pursuant to 42 U.S.C. § 1983. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Other claims within the petition appear to concern petitioner's arrest and a search carried out by police officers at the time of the arrest. Such claims are not properly pursued in this habeas action at this time

The court now considers petitioner's challenges to his conviction on two rules violation charges at the Monroe Detention Center. The petition does not explain or describe the

---

[3] The rule violation reports can be found at court document number 1 at 38-39. However, the March 23, 2007 rule violation report at page 39 is not legible.

specific rule violation charges brought against petitioner. However, it appears that petitioner is claiming that a hearing on the charges was not conducted by a proper ranking official, that he did not have a staff assistant or investigative employee assigned to assist him despite the fact that he is a mental health patient, that he was not allowed to call witnesses or to present evidence, that he never received a copy of the Rule Book of Sheriff's Department rules, that notice of the charges was not provided to him 72 hours before the hearing, and that he was not provided a copy of the rule violation report 24 hours after it was written. (Petition ¶ 53 at 24, ¶ 71 at 29-30.) As a result of the April 12, 2007 rules violation, petitioner alleges that he was sentenced to ten days of lockdown and two weeks loss of commissary and visitation. (Id., Ex. B at 2.) The disciplinary imposed for the March 23, 2007 rule violation conviction is not clear because that violation report attached to the petition is partially illegible. Nonetheless, petitioner does not allege that he suffered the loss of time credits for either rule violation conviction.

The court is required to examine a petition for federal habeas corpus relief before requiring a response to it. See Rules 3 & 4, Rules Governing § 2254 Cases. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

The purpose of a petition for a writ of habeas corpus is to challenge the fact or duration of a prisoner's custody and to obtain his immediate or earlier release from custody. See Preiser v. Rodriguez, 411 U.S. 475, 483 (1973); Young v. Kenny, 907 F.2d 874, 875-78 (9th Cir. 1990). Here, petitioner admittedly suffered no loss of time credits. Accordingly, the disciplinary action taken against him by county jail officials has had no effect on the duration of petitioner's confinement. To the extent that petitioner might argue that a rule violation conviction suffered while in county jail may someday appear in his central prison file and could have an adverse

impact on the duration of his confinement in the future, such a claim is speculative.  See Wilson v. Terhune, 319 F.3d 477, 482 (9th Cir. 2003) (finding that a petitioner suffered no collateral consequences based on the argument that the mere existence of a rule violation could adversely impact his future parole consideration); see also Tunstall v. Carey, No. S-05-2051 GEB GGH P, 2006 WL 662743 (E.D. Cal. March 16, 2006) (concluding that a petitioner found guilty of a rule violation but assessed no loss of time credits did not satisfy in-custody requirement and thus the court lacked jurisdiction over the habeas petition challenging the disciplinary conviction). Therefore, the court will recommend that the petition be summarily dismissed.

Petitioner has also filed motions seeking to attack his subsequent judgment of conviction entered by the Yolo County Superior Court as well as motions requesting discovery and an evidentiary hearing in connection with his state court criminal proceedings.  This habeas action, however, relates only to petitioner's rule violation convictions suffered while incarcerated at the Monroe Detention Center.  Petitioner is advised that any attempt to challenge his state court criminal conviction by way of a federal petition for writ of habeas corpus would require the filing of a new federal habeas action after he has satisfied the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all such claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's July 13, 2007 motion to set aside information and vacate judgment, is denied;

2. Petitioner's August 1, 2007 motion for evidentiary hearing, is denied;

3. Petitioner's August 15, 2007 motion for production of records, is denied;

4. Petitioner's August 28, 2007 petition for writ of habeas corpus, construed as a request to appear before the court for an evidentiary hearing, is denied.

/////

5. Petitioner's December 7, 2007 complaint against Yolo County Sheriff Ed Prieto and others is dismissed; and

6. Petitioner's December 7, 2007 motion to vacate sentence erroneously brought under 28 U.S.C. § 2255 is denied.

Also, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus, filed on April 17, 2007, be summarily dismissed; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 10, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
turn0730.156

5